**UNITED STATES of America,**
**Plaintiff-Appellee**

v.

**Conrado PARTIDA-CALLES,**
**Defendant-Appellant**

**No. 17-10561**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed December 5, 2017

James Wesley Hendrix, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Dallas, TX, for Plaintiff-Appellee

Jerry Van Beard, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, Northern District of Texas, Fort Worth, TX, Carly Elizabeth Barton, Federal Public Defender's Office, Northern District of Texas, Lubbock, TX, for Defendant-Appellant

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM: *

Conrado Partida-Calles appeals the 24-month above-guidelines sentence and three-year term of supervised release imposed following his guilty plea conviction for illegal reentry after deportation. He argues that his sentence violates due process because it exceeds the statutory maximum sentence of 8 U.S.C. § 1326(a). He concedes that the issue whether his eligibility for a sentencing enhancement under § 1326(b) must be alleged in the indictment and proved to a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). He seeks to preserve the issue for possible Supreme Court review because, he argues, subsequent Supreme Court decisions indicate that the Court may reconsider this issue.

In *Almendarez-Torres*, 523 U.S. at 239-47, 118 S.Ct. 1219, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. Subsequent Supreme Court decisions have not overruled *Almendarez-Torres*. See *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014) (considering the effect of *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007) (considering the effect of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). Thus, Partida-Calles's argument is foreclosed.

Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.